1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (SBN 235718)
   scott@donigerlawfirm.com
3  Frank Gregory Casella (SBN 301494)
   fcasella@donigerlawfirm.com
4  DONIGER / BURROUGHS
   603 Rose Avenue
5  Venice California 90291
   Telephone: (310) 590-1820
6
   Attorneys for Plaintiff
7

8                 UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10 | TAERIM CO., LTD.,                | Case No.: 2:20-cv-00475-CBM(ASx)
11 |                                  | *Referred to Hon. Alka Sagar*
   | Plaintiff,                       |
12 |                                  | **PROTECTIVE ORDER**
13 | v.                               |
14 | LGB, INC., et al.                | **DISCOVERY MATTER**
15 |                                  |
   | Defendants.                      |
16

17
         Pursuant to Fed.R.Civ.P. 26(c), the parties to this lawsuit, through undersigned
18
   counsel, jointly submit this Stipulated Protective Order to govern the handling of
19
   information and materials produced in the course of discovery or filed with the Court in
20
   this action:
21
         1.  A. PURPOSES OF LIMITATIONS
22
         Discovery in this action is likely to involve production of confidential, proprietary,
23
   or private information for which special protection from public disclosure and from use
24
   for any purpose other than prosecuting this litigation may be warranted. Accordingly, the
25
   parties hereby stipulate to and petition the Court to enter the following Stipulated
26
   Protective Order. The parties acknowledge that this Order does not confer blanket
27
   protections on all disclosures or responses to discovery and that the protection it affords
28
   from public disclosure and use extends only to the limited information or items that are

1    entitled to confidential treatment under the applicable legal principles. The parties further

2    acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order

3    does not entitle them to file confidential information under seal; Civil Local Rule 79-5

4    sets forth the procedures that must be followed and the standards that will be applied

5    when a party seeks permission from the court to file material under seal.

6            B.      GOOD CAUSE STATEMENT

7            This action is likely to involve trade secrets, customer and pricing lists and other

8    valuable research, development, commercial, financial, technical and/or proprietary

9    information for which special protection from public disclosure and from use for any

10   purpose other than prosecution of this action is warranted. Such confidential and

11   proprietary materials and information consist of, among other things, confidential

12   business or financial information, information regarding confidential business practices,

13   or other confidential research, development, or commercial information (including

14   information implicating privacy rights of third parties), information otherwise generally

15   unavailable to the public, or which may be privileged or otherwise protected from

16   disclosure under state or federal statutes, court rules, case decisions, or common law.

17   Accordingly, to expedite the flow of information, to facilitate the prompt resolution of

18   disputes over confidentiality of discovery materials, to adequately protect information

19   the parties are entitled to keep confidential, to ensure that the parties are permitted

20   reasonable necessary uses of such material in preparation for and in the conduct of trial,

21   to address their handling at the end of the litigation, and serve the ends of justice, a

22   protective order for such information is justified in this matter. It is the intent of the

23   parties that information will not be designated as confidential for tactical reasons and that

24   nothing be so designated without a good faith belief that it has been maintained in a

25   confidential, non-public manner, and there is good cause why it should not be part of the

26   public record of this case.

27           2.      DEFINITIONS

28           2.1     Action: this pending federal lawsuit, Case No. 2:20-cv-00475-CBM-AS

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Information and material that may be subject to this protection includes, but is not limited to, financial, marketing and other sales data, and/or information having strategic commercial value pertaining to the Designating Party's trade or business.

2.5    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

1    2.10   Non-Party: any natural person, partnership, corporation, association, or

2    other legal entity not named as a Party to this action.

3    2.11   Outside Counsel of Record: attorneys who are not employees of a party to

4    this Action but are retained to represent or advise a party to this Action and have appeared

5    in this Action on behalf of that party or are affiliated with a law firm which has appeared

6    on behalf of that party, and includes support staff.

7    2.12   Party: any party to this Action, including all of its officers, directors,

8    employees, consultants, retained experts, and Outside Counsel of Record (and their

9    respective support staffs).

10    2.13   Producing Party: a Party or Non-Party that produces Disclosure or

11    Discovery Material in this Action.

12    2.14   Professional Vendors: persons or entities that provide litigation support

13    services (e.g., photocopying, videotaping, translating, preparing exhibits or

14    demonstrations, and organizing, storing, or retrieving data in any form or medium) and

15    their employees and subcontractors.

16    2.15   Protected Material: any Disclosure or Discovery Material that is designated

17    as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18    2.16   Receiving Party: a Party that receives Disclosure or Discovery Material

19    from a Producing Party.

20    3.   SCOPE

21    The protections conferred by this Stipulation and Order cover not only Protected

22    Material (as defined above), but also (1) any information copied or extracted from

23    Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

24    Material; and (3) any testimony, conversations, or presentations by Parties or their

25    Counsel that might reveal Protected Material.

26    Any use of Protected Material at trial shall be governed by the orders of the trial

27    judge. This Order does not govern the use of Protected Material at trial.

28

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

1    (a)    for information in documentary form (e.g., paper or electronic

2 documents, but excluding transcripts of depositions or other pretrial or trial proceedings),

3 that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or

4 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL"

5 legend or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" legend), to each page

6 that contains protected material. If only a portion or portions of the material on a page

7 qualifies for protection, the Producing Party also must clearly identify the protected

8 portion(s) (e.g., by making appropriate markings in the margins).

9    A Party or Non-Party that makes original documents available for inspection need

10 not designate them for protection until after the inspecting Party has indicated which

11 documents it would like copied and produced. During the inspection and before the

12 designation, all of the material made available for inspection shall be deemed

13 "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has

14 identified the documents it wants copied and produced, the Producing Party must

15 determine which documents, or portions thereof, qualify for protection under this Order.

16 Then, before producing the specified documents, the Producing Party must affix the

17 "CONFIDENTIAL legend" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY

18 legend" to each page that contains Protected Material. If only a portion or portions of the

19 material on a page qualifies for protection, the Producing Party also must clearly identify

20 the protected portion(s) (e.g., by making appropriate markings in the margins).

21    (b)    Deposition transcripts and portions thereof taken in this action may

22 be designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES

23 ONLY" during the deposition or after, in which case the portion of the transcript

24 containing Protected Material shall be identified in the transcript by the Court Reporter

25 as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The

26 designated testimony shall be bound in a separate volume and marked by the reporter

27 accordingly.

28

1          Where testimony is designated during the deposition, the Designating Party shall

2   have the right to exclude, at those portions of the deposition, all persons not authorized

3   by the terms of this Protective Order to receive such Protected Material. Within thirty

4   (30) days after a deposition transcript is certified by the court reporter, any party may

5   designate pages of the transcript and/or its exhibits as Protected Material.  During such

6   thirty (30) day period, the transcript in its entirety shall be treated as "CONFIDENTIAL"

7   (except for those portions identified earlier as "CONFIDENTIAL – ATTORNEYS'

8   EYES ONLY" which shall be treated accordingly from the date of designation).  If any

9   party so designates such material, the parties shall provide written notice of such

10  designation to all parties within the thirty (30) day period.  Protected Material within the

11  deposition transcript or the exhibits thereto may be identified in writing by page and line,

12  or by underlining and marking such portions "CONFIDENTIAL," "CONFIDENTIAL –

13  ATTORNEYS' EYES ONLY" and providing such marked-up portions to all counsel.

14          (c)   for information produced in some form other than documentary and

15  for any other tangible items, that the Producing Party affix in a prominent place on the

16  exterior of the container or containers in which the information is stored the legend

17  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  If only a

18  portion or portions of the information warrants protection, the Producing Party, to the

19  extent practicable, shall identify the protected portion(s).

20       5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

21  to designate qualified information or items does not, standing alone, waive the

22  Designating Party's right to secure protection under this Order for such material. Upon

23  timely correction of a designation, the Receiving Party must make reasonable efforts to

24  assure that the material is treated in accordance with the provisions of this Order.

25       6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

26       6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation

27  of confidentiality at any time that is consistent with the Court's Scheduling Order.

28

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     House Counsel of the Receiving Party (and their support staff) to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the court; and

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   persons authorized under paragraph 7.2 above to access "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items; and

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action.

7.4   Nothing herein in any way restricts the ability of the Receiving Party to use "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material

1    produced to it in examining or cross-examining at trial any employee or consultant of the

2    Designating Party.

3        7.5    Nothing herein shall bar any attorney in the course of rendering advice to

4    such attorney's client with respect to this litigation from relying generally on examination

5    of Protected Material; provided, however, that in rendering such advice and otherwise

6    communicating with the client, the attorney shall not disclose the specific contents of any

7    CONFIDENTIAL ATTORNEYS' EYES ONLY produced by another party if such

8    disclosure would be contrary to the terms of this Confidentiality Agreement. The Parties

9    further agree that Plaintiff is free to name revealed alleged infringers as defendants in

10   lawsuit, notwithstanding any Party's designation of documents showing such information

11   as CONFIDENTIAL ATTORNEYS' EYES ONLY.

12       8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

13             IN OTHER LITIGATION

14       If a Party is served with a subpoena or a court order that compels disclosure of any

15   information or items designated in this Action as "CONFIDENTIAL" or

16   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," that Party must:

17       (a)    promptly notify in writing the Designating Party. Such notification

18   shall include a copy of the subpoena or court order;

19       (b)    promptly notify in writing the party who caused the subpoena or order

20   to issue in the other litigation that some or all of the material covered by the subpoena or

21   order is subject to this Protective Order. Such notification shall include a copy of this

22   Stipulated Protective Order; and

23       (c)    cooperate with respect to all reasonable procedures sought to be

24   pursued by the Designating Party whose Protected Material may be affected.

25       (d)    If the Designating Party timely seeks a protective order, the Party

26   served with the subpoena or court order shall not produce any information designated in

27   this action as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

28   ONLY" before a determination by the court from which the subpoena or order issued,

1  unless the Party has obtained the Designating Party's written permission. The

2  Designating Party shall bear the burden and expense of seeking protection in that court

3  of its confidential material and nothing in these provisions should be construed as

4  authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive

5  from another court.

6       9.       A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

7                PRODUCED IN THIS LITIGATION

8       (a)      The terms of this Order are applicable to information produced by a

9  Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL -

10  - ATTORNEYS' EYES ONLY."   Such information produced by Non-Parties in

11  connection with this litigation is protected by the remedies and relief provided by this

12  Order. Nothing in these provisions should be construed as prohibiting a Non-Party from

13  seeking additional protections.

14       (b)      In the event that a Party is required, by a valid discovery request, to

15  produce a Non-Party's confidential information in its possession, and the Party is subject

16  to an agreement with the Non-Party not to produce the Non-Party's confidential

17  information, then the Party shall:

18            (1)       promptly notify in writing the Requesting Party and the Non-

19  Party that some or all of the information requested is subject to a confidentiality

20  agreement with a Non-Party;

21            (2)       promptly provide the Non-Party with a copy of the Stipulated

22  Protective Order in this Action, the relevant discovery request(s), and a reasonably

23  specific description of the information requested; and

24            (3)       make the information requested available for inspection by the

25  Non-Party, if requested.

26       (c)      If the Non-Party fails to seek a protective order from this court within

27  14 days of receiving the notice and accompanying information, the Receiving Party may

28  produce the Non-Party's confidential information responsive to the discovery request. If

1   the Non-Party timely seeks a protective order, the Receiving Party shall not produce any

2   information in its possession or control that is subject to the confidentiality agreement

3   with the Non-Party before a determination by the court. Absent a court order to the

4   contrary, the Non-Party shall bear the burden and expense of seeking protection in this

5   court of its Protected Material.

6       10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

8   Protected Material to any person or in any circumstance not authorized under this

9   Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

10  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

11  all unauthorized copies of the Protected Material, (c) inform the person or persons to

12  whom unauthorized disclosures were made of all the terms of this Order, and (d) request

13  such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

14  that is attached hereto as Exhibit A.

15      11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

16              PROTECTED MATERIAL

17      When a Producing Party gives notice to Receiving Parties that certain

18  inadvertently produced material is subject to a claim of privilege or other protection, the

19  obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

20  26(b)(5)(B). This provision is not intended to modify whatever procedure may be

21  established in an e-discovery order that provides for production without prior privilege

22  review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach

23  an agreement on the effect of disclosure of a communication or information covered by

24  the attorney-client privilege or work product protection, the parties may incorporate their

25  agreement in the stipulated protective order submitted to the court.

26      12.     MISCELLANEOUS

27      12.1   Right to Further Relief. Nothing in this Order abridges the right of any

28  person to seek its modification by the Court in the future.

1    12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

2    Protective Order, no Party waives any right it otherwise would have to object to

3    disclosing or producing any information or item on any ground not addressed in this

4    Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground

5    to use in evidence of any of the material covered by this Protective Order.

6    12.3   <u>Use of Designated Materials by Designating Party</u>.   Nothing in this

7    Protective Order shall limit a Designating Party's use of its own information or materials,

8    or prevent a Designating Party from disclosing its own information or materials to any

9    person.  Such disclosure shall not affect any designations made pursuant to the terms of

10   this Protective Order, so long as the disclosure is made in a manner that is reasonably

11   calculated to maintain the confidentiality of the information.

12   12.4   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected

13   Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed

14   under seal pursuant to a court order authorizing the sealing of the specific Protected

15   Material at issue.  If a Party's request to file Protected Material under seal is denied by

16   the court, then the Receiving Party may file the information in the public record unless

17   otherwise instructed by the court.

18   13.    <u>FINAL DISPOSITION</u>

19   After the final disposition of this Action, as defined in paragraph 4, within 60 days

20   of a written request by the Designating Party, each Receiving Party must return all

21   Protected Material to the Producing Party or destroy such material. As used in this

22   subdivision, "all Protected Material" includes all copies, abstracts, compilations,

23   summaries, and any other format reproducing or capturing any of the Protected Material.

24   Whether the Protected Material is returned or destroyed, the Receiving Party must submit

25   a written certification to the Producing Party (and, if not the same person or entity, to the

26   Designating Party) by the 60 day deadline that (1) identifies (by category, where

27   appropriate) all the Protected Material that was returned or destroyed and (2) affirms that

28   the Receiving Party has not retained any copies, abstracts, compilations, summaries or

1 | any other format reproducing or capturing any of the Protected Material. Notwithstanding
2 | this provision, Counsel are entitled to retain an archival copy of all pleadings, motion
3 | papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,
4 | deposition and trial exhibits, expert reports, attorney work product, and consultant and
5 | expert work product, even if such materials contain Protected Material. Any such archival
6 | copies that contain or constitute Protected Material remain subject to this Protective
7 | Order as set forth in Section 4 (DURATION).

8      14.   <u>VIOLATION</u>

9      Any violation of this Order may be punished by any and all appropriate measures
10 | including, without limitation, contempt proceedings and/or monetary sanctions.

11
12      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13

14 | Dated:  May 15, 2020           By:    */s/ Frank Gregory Casella*
15 |                                  Stephen M. Doniger, Esq.
16 |                                  Frank Gregory Casella, Esq.
17 |                                  DONIGER /BURROUGHS
                                 *Attorneys for Plaintiff*

18
19 | Dated:  May 15, 2020    By:      By:    */s/ Lara S Garner*
                                 Lara S Garner, Esq.
20 |                                  Gordon Rees Scully Mansukhani LLP
                                 *Attorney for Defendant LGB, Inc. and J. C.*
21 |                                  *Penney Corporation, Inc.*

22
23 | Dated:  May 15, 2020           By:    */s/ Michael Charles Baum*
                                 Michael Charles Baum, Esq.
24 |                                  Resch Polster and Berger LLP
                                 *Attorneys for Defendant Pacific Eurotex*
25 |                                  *Corp. and Lord and Taylor, LLC*

26
     FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
27      DATED: __May 20, 2020_____
        _____/ s / Sagar_____
28      Honorable Alka Sagar
     United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Taerim Co., Ltd.. v. LGB, Inc. et al.* 2:20-cv-00475-CBM(ASx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____