MICHAEL C. BAUM (SBN 65158)
E-Mail: mbaum@rpblaw.com
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Defendants LGB, Inc., Pacific
Eurotex Corp. and Lord & Taylor, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TAERIM CO., LTD., a South Korea limited company,<br><br>              Plaintiff,<br><br>       vs.<br><br>LGB, INC., a California corporation; J.C. PENNEY CORPORATION, INC., a Delaware corporation; PACIFIC EUROTEX CORP., a California corporation; LORD & TAYLOR, LLC, a Delaware limited liability company; and DOES 1-10,<br><br>              Defendants. | Case No. 2:20-cv-00475-CBM-AS<br><br>**NOTICE OF MOTION AND MOTION FOR SECURITY FOR COSTS AND ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*Filed Concurrently with Declarations of Sion Neman, Wang Haiyao, Lara Garner and Andrew V. Jablon*<br><br>**Hearing**<br>Date:  December 1, 2020<br>Time:  10:00 a.m.<br>Ctrm:  8B |

**PARTIES AND TO THEIR COUNSEL OF RECORD:**

     **PLEASE TAKE NOTICE THAT** on December 1, 2020, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Consuelo B. Marshall, located in the United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, defendants LGB, Inc. and Pacific Eurotex Corp.[1] ("**Defendants**") will and

---

[1] Defendant Lord & Taylor, LLC has filed for bankruptcy protection, and as such, this matter is stayed against that defendant.

787289.1

hereby do move this Court for an Order requiring the Plaintiff Taerim Co., Ltd. ("**Taerim**") post security for costs and attorney's fees in the amount of $300,000.

This Motion is made pursuant to *Cal. Code Civ. Proc.* § 1030, *Simulnet East Associates v. Ramada Hotel Operating Co.* (9th Cir. 1994) 37 F.3d 573, and upon the following grounds:

1. Plaintiff is a Korean corporation, not qualified to do business in the State of California;

2. Defendants have more than a reasonable possibility (the requisite standard) of prevailing at trial in this action;

3. The requested security is reasonable, whether viewed from Defendants' or Plaintiff's perspective.

The Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declarations of Sion Neman, Wang Haiyao, Andrew V. Jablon and Lara Garner, all other pleadings and records on file in this action, and upon such other oral and documentary argument and evidence as may be presented at or before the time of hearing.

This Motion is brought after the parties met and conferred in accordance with Local Rule 7-3. (Declaration of Andrew V. Jablon, ¶ 2.)

DATED:  October 23, 2020          RESCH POLSTER & BERGER LLP

By:  ___*/S/ Andrew V. Jablon*___
ANDREW V. JABLON
Attorneys for Defendants LGB, Inc.,
Pacific Eurotex Corp. and Lord & Taylor,
LLC

RESCH POLSTER & BERGER LLP

787289.1

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RESCH POLSTER & BERGER LLP

## **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ......................................................................................... 7

II.    SUMMARY OF RELEVANT FACTS .......................................................... 7

III.   ARGUMENT ................................................................................................ 8

    A.     The Court Has The Authority To Require The Positing Of A Bond To Secure Payment Of Any Fee And Cost Award ....................... 8

    B.     The Court Should Order The Posting Of Security ............................... 10

        1.     Plaintiff Is A Foreign Corporation ............................................. 10

        2.     Defendants' Have Not Only The Required Reasonable Possibility Of Prevailing, But A High Likelihood Of Prevailing At Trial ...................................................................... 10

            (a)     Plaintiff Cannot Establish That It Is The Owner Of A Legally Valid Copyright ............................................. 11

            (b)     Plaintiff Cannot Demonstrate Access ............................. 11

            (c)     Plaintiff Cannot Demonstrate Copying ........................... 15

        3.     The Requested Security Is Reasonable ...................................... 15

            (a)     Defendants Will Be Able To Recoup Fees As An Element Of Costs ........................................................... 15

            (b)     Defendants Estimate That They Will Incur $426,471 In Fees And Costs Through Trial ..................................... 17

                1.     Previously Incurred Attorney's Fees .................... 17

                2.     Discovery Moving Forward .................................. 17

                3.     Motion Practice .................................................... 18

                4.     Trial. ..................................................................... 18

            (c)     The Requested Security Is Reasonable ........................... 18

IV.    CONCLUSION ........................................................................................... 19

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5
*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
   581 F.3d 1138 (9th Cir.2009) ........................................................... 11

6

7
*Baltayan v. Estate of Getemyan*,
   90 Cal.App.4th 1427, 110 Cal.Rptr.2d 72 (2001) ................................ 9

8

9
*Baxter v. MCA, Inc.*,
   812 F.2d 421 (9th Cir. 1987) .......................................................... 13

10

11
*Briggs v. Blomkamp*,
   70 F.Supp.3d 1155, 1167 (N.D. Cal. 2014) ...................................... 13

12

13
*Domingo Cambeiro Prof'l Corp. v. Advent*,
   211 F.3d 1273, 2000 WL 262597, at *4 (9th Cir. Mar. 7, 2000) ........ 16

14
*Feist Publications v. Rural Telephone Service Co.*
   (1991) 499 U.S. 340 ...................................................................... 10

15

16
*Frybarger v. Int'l Bus. Machines Corp.*,
   812 F.2d 525 (9th Cir. 1987) .......................................................... 11

17

18
*Gold Value Int'l Textile, Inc. v. Forever 21, Inc.*,
   No. CV1607174RSWLAJWX, 2018 WL 2328202 (C.D. Cal. May
19
   22, 2018) ...................................................................................... 14

20
*Granite Music Corp. v. United Artists Corp.*,
   532 F.2d 718, 720 (9th Cir. 1976) ................................................... 14

21

22
*Interlabservice, OOO v. Illumina, Inc*,
   No. 15CV2171-KSC, 2016 WL 5817062 (S.D. Cal. Oct. 4, 2016) .......... 7

23

24
*Ismart Intern. Ltd. v. I-Docsecure, LLC*,
   No. 05-2776, 2005 WL 588607 (N.D. Cal. Feb. 14. 2005) ................... 9

25

26
*Pittman ex rel. L.P. v. Avish Partnership*
   (9th Cir. 2013) 525 Fed.Appx. 591 ................................................... 9

27

28

RESCH POLSTER & BERGER LLP

RESCH POLSTER & BERGER LLP

*Latin Am. Music Co. v. Am. Soc'y Of Composers, Authors & Publishers (ASCAP)*,
   642 F.3d 87, 90 (1st Cir. 2011) ...................................................................... 16

*Lipton v. Nature Co.*,
   71 F.3d 464, 471 (2d Cir. 1995) ................................................................... 13

*Novelty Textile Inc. v. Wet Seal Inc.*,
   No. CV1305527SJOMRWX, 2015 WL 9690316 (C.D. Cal. Mar. 4, 2015) ........................................................................................................... 18

*Selle v. Gibb*,
   741 F.2d 896 (7th Cir. 1984) ........................................................................ 13

*Simulnet East Assocs. v. Ramada Hotel Operating Co.*,
   37 F.3d 573 (9th Cir. 1994) ....................................................................... 9, 18

*Smith v. Jackson*,
   84 F.3d 1213, 1220 (9th Cir. 1996) .............................................................. 13

*Stabile v. Paul Smith Ltd.*,
   137 F.Supp.3d 1173, 1188 (C.D. Cal. 2015) ........................................... 14, 15

*Stewart v. Wachowski*,
   574 F.Supp.2d 1074, 1098 (C.D. Cal. 2005) ................................................ 14

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) ................................................................... 11, 13

*Unicolors, Inc. v. NB Brother Corp. et al.*,
   2:16-cv-02268 (C.D. Cal. October 3, 2017) ................................................. 11

*Wilson & Haubert*,
   2014 WL 1351210 ........................................................................................... 9

**Statutes**

17 USC § 410(c) ............................................................................................ 8, 11

17 USC § 412 ............................................................................................... 15, 16

17 USC § 504 ..................................................................................................... 15

17 USC § 505 ............................................................................................. 7, 10, 15

787289.1

RESCH POLSTER & BERGER LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

California Code of Civil Procedure § 1030 ........................................................ 8, 9, 10

**Other Authorities**

4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright §
    13.02[B] (2005) ....................................................................................... 13

4 Melville B. Nimmer and David Nimmer, Nimmer on Copyright §
    14.10 [B] [2] (rev. ed.2010)..................................................................... 16

6 William F. Patry, Patry on Copyright § 22:204 (2010)........................................ 16

RESCH POLSTER & BERGER LLP

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Recognizing the inherent difficulties faced by a California resident sued by a foreign corporation in enforcing a defense judgment for costs against an entity who is not within the court's jurisdiction, both Federal and State Courts in California are empowered to require a foreign corporation Plaintiff to post security as a condition of prosecuting the action.  *See generally*, *Interlabservice, OOO v. Illumina, Inc*, No. 15CV2171-KSC, 2016 WL 5817062, at *3 (S.D. Cal. Oct. 4, 2016) (discussing *Cal. Civ. Proc.* § 1030 and the inherent authority of Federal Courts).  Such security is warranted and authorized where a defendant can establish a reasonable possibility of prevailing at trial against an out-of-state or foreign corporate Plaintiff.  This is precisely such a case.

Plaintiff Taerim Co., Ltd. ("**Plaintiff**" or "**Taerim**") has brought the instant Copyright infringement action despite evidence that the allegedly infringing design *pre-dates* Plaintiff's alleged creation by more than a year.  As discussed below, there simply is no way for Plaintiff to meet its burden of proof, and as such, defendants more than meet their burden of showing a reasonable possibility of prevailing at trial.  Security to cover costs *and attorneys' fees* (as they are properly awarded as an element of costs to defendant under 17 USC § 505) should be ordered.

**II.    SUMMARY OF RELEVANT FACTS**

Plaintiff is a Korean corporation that purports to own copyrighted designs used on fabric.  Plaintiff asserts that it sells fabric bearing such designs to companies in the United States, including Los Angeles.  Plaintiff's complaint alleges infringement of a design that it has designated as TDS-8905 (the "**Subject Design**").  For the Court's convenience, a copy of the Subject Design is attached as <u>Exhibit A</u> to the Declaration of Andrew V. Jablon ("**Jablon Decl.**")

Plaintiff claims it purchased the Subject Design from Seoin Corporation

("**Seoin**"), a Korean design studio, in 2012, and thereafter began selling the Subject Design. (Jablon Decl., ¶ 3.) According to the Copyright Registration, a copy of which is attached as <u>Exhibit B</u> to the Jablon Declaration, the design was first published on November 12, 2012 in Korea, and was registered on October 29, 2019. As discussed below, as a result of the more than five year gap between the 2012 publication and 2019 registration, Plaintiff cannot rely on the registration for the presumption of ownership of a legally valid copyright. 17 USC § 410(c).

At issue in the Complaint are garments manufactured and sold by defendant LGB, Inc. ("**LGB**") which Plaintiff contends infringes upon the Subject Design (the "**Challenged Garments**"). The fabric used to manufacture the Challenged Garments (the "**Challenged Fabric**") was purchased by defendant Pacific Eurotex Corp. ("**Pacific**") in 2017 from its vendor in China, Shaoxing County Hengchang Import & Export Co., Ltd. ("**Shaoxing**"). (Declaration of Sion Neman ("**Neman Decl.**"), ¶¶ 2-5; Exh. A - C.) Neither Pacific nor its customers had any role in the creation of the Challenged Design – it was simply purchased "off the shelf" based on sample headers its vendor's salesman provided to Pacific. (*Id.,* ¶3 and 6.) Further, as detailed in the accompanying declaration of Wang Haiyao, Shaoxing had itself purchased the design (the "**Prior Art**") from <u>its</u> vendor Avantagard in February 2011 – i.e., twenty-one months before the claimed creation of the Subject Design – at the Première Vision-Paris trade show. (Declaration of Wang Haiyao ("**Haiyao Decl.**"), ¶ 3; Exh. A.) Put simply, the design on the Challenged Fabric <u>predates the Subject Design</u>.

## III. <u>ARGUMENT</u>

### A. <u>The Court Has The Authority To Require The Positing Of A Bond To Secure Payment Of Any Fee And Cost Award</u>

California Code of Civil Procedure Section 1030 permits a court to require an undertaking "to secure an award of costs and attorney's fees," which may be awarded to a defendant if (1) "the plaintiff resides out of state or is a foreign corporation" and

RESCH POLSTER & BERGER LLP

RESCH POLSTER & BERGER LLP

1  (2) "there is a reasonable possibility that the moving defendant will obtain judgment

2  in the action...."   Although "there is no specific provision in the Federal Rules of

3  Civil Procedure relating to security for costs[,] .... federal district courts have inherent

4  power to require plaintiffs to post security for costs." *Simulnet East Assocs. v. Ramada*

5  *Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). "Typically, federal courts ...

6  follow the forum state's practice with regard to security for costs ...; this is especially

7  common when a non-resident party is involved." *Id.*; see also *Ismart Intern. Ltd. v. I-*

8  *Docsecure, LLC*, No. 05-2776, 2005 WL 588607, *8-10 (N.D. Cal. Feb. 14. 2005)

9  (applying California Code of Civil Procedure § 1030 in evaluating a motion for

10  security for costs); and *Pittman ex rel. L.P. v. Avish Partnership* (9th Cir. 2013) 525

11  Fed.Appx. 591, 592–593.

12      As such, Federal Courts in California, in addition to looking to *Cal. Civ. Proc.*

13  *Section* 1030 for guidance, consider three factors when determining whether to order

14  that an undertaking be filed:

15          (i) the degree of probability/improbability of success on the

16          merits, and the background and purpose of the suit; (ii) the

17          reasonable extent of the security to be posted, if any, viewed

18          from the defendant's perspective; and (iii) the reasonable

19          extent of the security to be posted, if any, viewed from the

20          nondomiciliary plaintiff's perspective.

21  *Simulnet, supra*, 37 F.3d at 576.

22      However, for purposes of the first prong of this analysis, "the 'reasonable

23  possibility' standard is relatively low." *Wilson & Haubert*, 2014 WL 1351210, at *3;

24  *see Baltayan v. Estate of Getemyan*, 90 Cal.App.4th 1427, 1432, 110 Cal.Rptr.2d 72

25  (2001) ("Respondents were not required to show that there was no possibility that

26  appellant could win at trial, but only that it was *reasonably possible* that respondents

27  would win." (emphasis in original)).

28

As discussed below, in light of the Prior Art, there is more than a "reasonable possibility" that defendants will prevail at trial or on summary judgment.  Plaintiff simply will not be able to prove its meritless case.  Moreover, once Defendants secure a judgment in their favor, they will be entitled to recoup as an element of their costs, the attorneys' fees incurred in connection with their defense of this action.  17 USC § 505.  Accordingly, and as Defendants reasonably estimate incurring in excess of $473,500 in fees and costs, the requested security of $300,000 – i.e., less than 65% of the estimated fees and costs – is eminently reasonable from either party's perspective.

**B.   <u>The Court Should Order The Posting Of Security</u>**

**1.   Plaintiff Is A Foreign Corporation**

Initially, there is no dispute that Plaintiff is a foreign corporation.  The Complaint attests that Plaintiff "is a company with its principal place of business located in Daegu, South Korea."  (Docket No. 1, ¶ 4.)  Moreover, Plaintiff is not authorized to do business in California.  (Jablon Decl., ¶ 4.)  Accordingly, Plaintiff falls squarely in the category of plaintiffs covered by Section 1030, i.e. Plaintiff "resides out of state" and "is a foreign corporation."  Cal. Code Civ. Proc. § 1030.

**2.   Defendants' Have Not Only The Required Reasonable Possibility Of Prevailing, But A High Likelihood Of Prevailing At Trial**

Plaintiff will need to demonstrate three things to prevail at trial: (1) that it is the owner of a legally valid Copyright in the Subject Design; (2) Defendants' access to the Subject Design; and (3) Defendants' copying thereof.  *See Feist Publications v. Rural Telephone Service Co.* (1991) 499 U.S. 340, 361.  Not only does the very fact of the Prior Art result in the unavoidable conclusion that Defendants have met their low burden of showing a *possibility* of prevailing at trial, but Plaintiff will be unable to establish any of the elements of its case.

/ / /

/ / /

RESCH POLSTER & BERGER LLP

RESCH POLSTER & BERGER LLP

(a)   **Plaintiff Cannot Establish That It Is The Owner Of A Legally Valid Copyright**

Here, although Plaintiff has a copyright registration, the registration does not carry any evidentiary weight as it post-dates the first publication of the Design by more than five years.  17 USC § 410(c).  As such, Plaintiff will need to produce admissible evidence of not just ownership of the Subject Design, but that it is an original work of art.  Here, Plaintiff has yet to put forth any admissible evidence during discovery that: (a) Seoin owned the rights to the Subject Design such that it could purportedly transfer them to Plaintiff; or (b) that the Subject Design is original. As to the later, this is unsurprising, as the Prior Art establishes that the Subject Design is not an original work of art.  It is, simply put, a knock off of the Prior Art.  This alone is fatal to Plaintiff's claims.

(b)   **Plaintiff Cannot Demonstrate Access**

As noted, in order to prove its claim, not only will Plaintiff need to establish ownership of a legally valid copyright, but Plaintiff will also need to show Defendant's <u>access</u> to the work in order to establish copying.  *Frybarger v. Int'l Bus. Machines Corp.*, 812 F.2d 525 (9th Cir. 1987).  "To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). "Access may not be inferred through mere speculation or conjecture." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000).  Moreover, since Pacific purchased the challenged fabric "off the shelf" from its supplier in China, Shaoxing (Neman Decl., ¶ 2.), Plaintiff will need to demonstrate that Shaoxing, therefore, Pacific's Chinese vendor had access to the subject design.

The decision in *Unicolors, Inc. v. NB Brother Corp. et al.*, 2:16-cv-02268 (C.D. Cal. October 3, 2017), is instructive.   There, Unicolors accused NB Brother of infringing a textile design embodied in women's shorts (the "NH-52 shorts"). The

defendant acquired the NH-52 shorts "off the shelf" from a Chinese vendor, Longshun. Despite finding substantial similarity between Unicolors' design and the design on the NH-52 shorts, the Court denied summary judgment, as Unicolors could not provide evidence of <u>Longshun's, the vendor's,</u> access to Unicolors' design.

> Unicolors has not presented evidence of any "chain of events" linking the Subject Design and the NH-52 Shorts. In connection with its summary judgment motion, the only arguments Unicolors made regarding access were that (1) it sold a total of 36,614.10 yards of fabric printed with the Subject Design between December 2014 and May 2015, and (2) NB Brother's principal place of business is 1.6 miles away from Unicolors' principal place of business. Unicolors presented no new theories or evidence of access at trial. The distance between NB Brother's and Unicolors' offices has no bearing on the question of Longshun's opportunity to access the Subject Design, as Longshun is based in China and NB Brother purchased the NH-52 Shorts from Longshun as finished products rather than asking Longshun to manufacture shorts out of fabric imprinted with a pattern similar to the Subject Design. Unicolors has not established Longshun's access to the Subject Design under a "widespread dissemination" theory either. In its statement of uncontroverted facts filed in connection with its summary judgment motion, Unicolors stated that it "provided fabric samples [of the Subject Design] to prospective customers, who are primarily suppliers to the Los Angeles and New York fashion industry," and then sold "approximately 36,614.10 yards of the fabric" to some of

RESCH POLSTER & BERGER LLP

those customers. Unicolors has presented no evidence that 36,000 or 37,000 yards of fabric is a substantial amount in the context of wholesale textile sales. Without anything else (and Unicolors has not presented anything else), it would be mere speculation to conclude that Longshun, a Chinese company had the opportunity to view and copy the Subject Design as a result of Unicolors' sale of 36,614.10 yards of fabric in the U.S. Id.

Here, it is it expected that Plaintiff will be unable to rely on "wide spread distribution" (*Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000)) to establish access. And more importantly, Plaintiff has provided no evidence of its sales in China, where Pacific purchased the design off the shelf from its vendor. Put differently, there is no evidence to support the notion that <u>Shaoxing</u> had access to the Subject Design.

Moreover, Plaintiff cannot rely on the claim that the designs are "strikingly similar" to establish an inference of access (*Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987)), as the Prior Art necessarily rebuts any contention that independent creation, coincidence or prior common source are not possibilities. *Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984).

If two designs are "so 'strikingly similar' as to preclude the possibility of independent creation, copying may be proved without a showing of access." *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995); *Three Boys Music*, 212 F.3d at 485 (in the absence of any proof of access, "a copyright plaintiff can still make out a case of infringement by showing that the songs were 'strikingly similar'"), citing *Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996). However, "[s]triking similarity is a high bar." *Briggs v. Blomkamp*, 70 F.Supp.3d 1155, 1167 (N.D. Cal. 2014). "At base, 'striking similarity' simply means that, in human experience, it is virtually impossible that the two works could have been independently created." Melville B. Nimmer &

13

1   David Nimmer, Nimmer on Copyright § 13.02[B] (2005).

2       Critically, a "plaintiff has not proved striking similarity sufficient to sustain a
3   finding of copying <u>if the evidence as a whole does not preclude any reasonable</u>
4   <u>possibility of independent creation</u>." *Stewart v. Wachowski*, 574 F.Supp.2d 1074,
5   1098 (C.D. Cal. 2005) (quotation omitted; emphasis added). "Evidence of the manner
6   in which a defendant created its work is 'logically relevant' to determining whether
7   copying occurred." *Stabile v. Paul Smith Ltd.*, 137 F.Supp.3d 1173, 1188 (C.D. Cal.
8   2015) (citing *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 720 (9th
9   Cir. 1976)).

10      The facts presented are, in fact, similar to those in *Gold Value Int'l Textile, Inc.*
11  *v. Forever 21, Inc.*, No. CV1607174RSWLAJWX, 2018 WL 2328202 (C.D. Cal. May
12  22, 2018).  There, the

13          Defendant has presented uncontroverted evidence of fabric
14          similar to the fabric used to create the Accused Garments.
15          Such fabric came from Xinhong, Reliable's fabric vendor
16          for the Accused Garments. Ma Xue Yang, the owner of
17          Xinhong, stated in her Declaration that she sold 2,000 yards
18          of this similar fabric, named QT 780, on June 23, 2013,
19          which is prior to the October 24, 2013 registration of the
20          '509 Registration. Decl. of Ma Xue Yang in Supp. of Def.'s
21          Mot. for Summ. J. ¶ 4, Ex. 1, ECF No. 57–5. Therefore, the
22          QT 780 fabric was in existence prior to the registration of
23          the Subject Design. Further, a comparison of the QT 780
24          fabric and the Accused Garments shows the similarities
25          between the two fabrics. Both fabrics share an identical
26          Aztec-style diamond pattern. The main difference between
27          the two fabrics is the crochet pattern, which is below the
28          identical zig zag pattern on each work. The similarities of

RESCH POLSTER & BERGER LLP

RESCH POLSTER & BERGER LLP

> the two works and the fact that the fabrics came from the same vendor support the reasonable possibility that the fabric for the Accused Garments was created independently of the Subject Design.

*Id.*, *8.

> Faced with such evidence, the Hon. Ronald S.W. Lew noted that
>
> > The evidence as a whole <u>does not preclude the reasonable possibility that the fabric for the Accused Garments could have been independently created</u>. Therefore, Plaintiff has failed to show that "the two works are not only similar, but are so strikingly similar as to preclude the possibility of independent creation." *Stabile*, 137 F.Supp.3d at 1188 (quotation omitted).

*Id.* The same conclusion is mandated here – Plaintiff cannot point to "striking similarity" as evidence of access in light of the Prior Art.

### (c)   **Plaintiff Cannot Demonstrate Copying**

Finally, and most importantly, in light of the existence of the Prior Art, Plaintiff will be unable to establish copying.  The Prior Art predates the Subject Design by more than a year.  The only party to have engaged in improper copying, therefore, is Plaintiff.

### 3.   **The Requested Security Is Reasonable**

### (a)   **Defendants Will Be Able To Recoup Fees As An Element Of Costs**

Initially, as noted above, pursuant to 17 USC § 505, as part of a defense judgment, Defendants are entitled to recoup their fees as an element of costs. Defendants note that Plaintiff's failure to register prior to the alleged infringement serves only as a bar to <u>Plaintiff's</u> recover of fees.  "Section 412 bars recovery of statutory damages under section 504 and attorneys' fees under section 505 by

RESCH POLSTER & BERGER LLP

copyright owners who failed to register the work before the alleged infringement began. . . there is nothing in the statute that prohibits fee awards in cases, like this one, of non infringement. The reason is obvious: only copyright owners may register their copyright claims, the conduct incentivized by section 412. A defendant accused of infringing someone else's copyright could not possibly comply with the statute's registration criterion. Section 412 thus does not, logically, apply to alleged infringers." *Latin Am. Music Co. v. Am. Soc'y Of Composers, Authors & Publishers (ASCAP)*, 642 F.3d 87, 90 (1st Cir. 2011) (emphasis added; citing, *inter alia*, *Domingo Cambeiro Prof'l Corp. v. Advent*, 211 F.3d 1273, 2000 WL 262597, at *4 (9th Cir. Mar. 7, 2000) (unpublished table decision) (affirming fee award to prevailing defendant; explaining that section 412 "does not apply to this case because there has been no finding of infringement"), 4 Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 14.10 [B] [2] (rev. ed.2010), and 6 William F. Patry, Patry on Copyright § 22:204 (2010).

> Very infrequently, the argument is advanced by a losing plaintiff that defendant cannot be awarded its attorney's fees because the work was not registered within three months from the date of first publication. This profoundly ignorant argument should be met with Rule 11 sanctions. By its own terms, section 412 refers only to actions brought for infringement: that is, actions brought by plaintiffs. Of course, only the copyright owner may register. A defendant who is accused of infringing someone else's rights could not register the work and therefore could not comply with section 412. All of the circuits to have had the misfortune to have the argument presented have correctly rejected it.

6 William F. Patry, Patry on Copyright § 22:204 (2010).

Accordingly, in ascertaining the proper measure of security, the Court can and

should consider the attorneys' fees likely to be incurred, not just costs.

**(b)** **Defendants Estimate That They Will Incur $426,471 In Fees And Costs Through Trial**

In order to litigate the instant action through trial, Defendants estimate their fees and costs as follows:

1.   Previously Incurred Attorney's Fees

As of the filing of this Motion, not including the costs associated with the preparation of the same, Defendants have incurred over $57,971 in fees and costs associated with the defense of this action.  (Jablon Decl., ¶ 6; Declaration of Lara Garner, ¶ 3.)  These sums include, among other things, preparing and responding to discovery, preparing for and attendance at the Court Ordered mediation, and marshalling evidence in preparation for trial.

2.   Discovery Moving Forward

A.   Written: While the parties have exchanged initial written discovery and responses, Defendants anticipate a second round of written discovery on both sides.  Defendants estimate they will incur at least an additional $10,000 in preparing and responding to this second round of written discovery.  (Jablon Decl., ¶ 7(A)(i).)

B.   Depositions: The parties had previously agreed to postpone depositions until after the mediation.  Now that the matter did not resolve at mediation, it is expected that Plaintiff will seek to depose, at least, the corporate designees for Pacific and LGB.  Defendants will seek to depose, at a minimum, Plaintiff's corporate designee and the Korean design company that purportedly created the Subject Design.  Assuming three (3) depositions in the United States, two of which will require the assistance of interpreters, as well as at least one (1) international deposition, Defendants estimate they incur at least $25,000 in costs and $40,000 in attorneys' fees associated with preparing for and conducting or defending said depositions.  (Jablon Decl., ¶ 7(A)(ii).)

RESCH POLSTER & BERGER LLP

3.     Motion Practice

A.     <u>Non-Dispositive Motions</u>: In addition to the instant Motion, it is expected that there will be at least one discovery motion.  Defendants have incurred, or will incur, approximately $8,500 in connection with the instant motion, and estimate that any discovery motion will result in an additional $10,000 in fees. (Jablon Decl., ¶ 7(B)(i).)

B.     <u>Dispositive Motions</u>: Defendants will move for summary judgment, and expect to incur at least $40,000 in fees in connection with the same.  In the event Plaintiff moves for summary judgment, it is expected that Defendants will incur at least $25,000 in responding to the same.  (Jablon Decl., ¶ 7(B)(ii).)

4.     <u>Trial.</u>

In the event that the matter is not resolved by way of dispositive Motion, Defendants estimate that the trial will take four to five days.  Including pre-trial preparation, therefore, Defendants estimate they will incur at least $130,000 in fees and $20,000 in costs associated with preparing for and conducting the trial on this matter.  (Jablon Decl., ¶ 7(C).)

Accordingly, based on the foregoing, Defendants estimate that should this matter be litigated through trial, they are likely to incur approximately $426,471 in fees and costs in connection with defending this action.

**(c)     The Requested Security Is Reasonable**

Based on the above estimates, the requested security of $300,000 represents only seventy percent (70%) of Defendants' anticipated fees and costs incurred in defending this matter through trial.  While the reduced percentage request coupled with the detailed analysis of likely fees and costs are sufficient to evidence the reasonableness of the request under *either* parties' perspective (*Simulnet*, 37 F.3d at 576), Defendants' note, by way of example, that in *Novelty Textile Inc. v. Wet Seal Inc.*, No. CV1305527SJOMRWX, 2015 WL 9690316, at *3 (C.D. Cal. Mar. 4, 2015), an action involving the allege infringement of a fabric print design, the plaintiff was

awarded $397,248.40 in fees and costs as part of its judgment.  The plaintiff in that case, Novelty Textile Inc., was represented by, among others, Doniger & Burroughs, the same attorneys that (pending ruling on their October 6, 2020 Motion to Withdraw) represent the plaintiff here.

**IV.   <u>CONCLUSION</u>**

For the reasons set forth above, Defendants respectfully request that the Court issue an Order requiring the posting of security in the amount of $300,000 as a condition of further prosecution of this action.

DATED:  October 23, 2020          RESCH POLSTER & BERGER LLP


By:   <u>    */S/ Andrew V. Jablon*    </u>
ANDREW V. JABLON
Attorneys for Defendants LGB, Inc.,
Pacific Eurotex Corp. and Lord & Taylor,
LLC

RESCH POLSTER & BERGER LLP

787289.1

19

## PROOF OF SERVICE

**Taerim Co., Ltd. v LGB, Inc., et al.**
**Case No. 2:20-cv-00475-CMB-AS**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 1840 Century Park East, 17th Floor, Los Angeles, CA 90067.

On October 23, 2020, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION FOR SECURITY FOR COSTS AND ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

Stephen M. Doniger                   Attorneys for Plaintiff
stephen@donigerlawfirm.com
Scott A. Burrough
scott@donigerlawfirm.com
Frank Gregory Casella               Telephone: (310) 590-1820
fcasella@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291

Susan B. Meyer                        Attorneys for Defendant J.C. Penney
smeyer@grsm.com                   Corporation, Inc.
Lara S. Garner
lsgarner@grsm.com
GORDON REES SCULLY
MANSUKHANI                         Telephone: (619) 230-7733
101 W Broadway Suite 2000
San Diego, CA  92101

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2020, at Los Angeles, California.

/s/Noemi Tariche
Noemi Tariche

RESCH POLSTER & BERGER LLP

787289.1